Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., | ) CIVIL CASE NO. CV0089-03 ) ) |
| Plaintiff, | ) ) |
| vs. | ) DECISION AND ORDER ) |
| DR. GEORGE KALLINGAL, DR. MATILDA KALLINGAL, and THE GEORGE AND MATILDA KALLINGAL, P.C., | ) ) ) ) ) |
| Defendants. | |

This matter came before the Honorable Alberto C. Lamorena III on May 21, 2009 on Defendants' Motion to Supplement Complaint and Motion for Continued Temporary Restraining Order. Attorney Ron Moroni appeared on behalf of Defendants. Appearing on behalf of Plaintiff was Attorney Joyce C.H. Tang. After reading the parties' briefs and hearing the arguments, the Court took the matter under advisement. The Court now issues its Decision and Order.

**FACTUAL HISTORY**

On June 26, 1995, Defendants and Kabo Development Inc. (together as GK Joint Venture) executed and delivered a Promissory Note in the amount of $1,400,000 in favor of Plaintiff. The obligations were assumed by Defendants in an Assumption of Mortgage, Note and

-1-



Assignment of Rents on September 14, 2000, secured in part by a mortgage encumbering Lot No. 8, Block 1, Tract 221 in Barrigada, Guam. On September 13, 2000, Defendants executed a second Promissory Note in the amount of $338,888.90.

Both Notes were amended by an October 24, 2002 Workout Agreement, modifying the payment terms, creating a loan payment schedule under which Defendants were to pay $8,000 per month for the first year, then $12,000 for the second year through the fifth year. Plaintiffs disputed the validity and enforceability of the Workout Agreement, and held $152,000 worth of checks, unendorsed, pending appeal of a preliminary injunction. After their appeal was denied, Plaintiffs found the checks had expired, and requested replacements from Defendants. Defendants have not replaced the checks, but have instead begun to submit monthly payments, as of October, 2008, of $2,000.

## DISCUSSION

The issues before this Court are whether Defendants are allowed to submit a Supplemental Pleading, and whether to grant Defendants' Motion for a Temporary Restraining Order and Permanent Injunction preventing Plaintiff from foreclosing on the Barrigada property.

### I.    Supplemental Pleading

Defendants seek to add an additional claim against Plaintiff alleging Plaintiffs have refused to renegotiate the Workout Agreement in good faith following the five years the Agreement covered, and that a controversy now exists between Defendants and Plaintiff regarding their respective rights under the Agreement. These arguments are already at issue

under the current pleadings, and allowing such a supplement would only delay this matter further than it already has been.

## II. Temporary Restraining Order and Preliminary Injunction

Under Rule 65 of the Guam Rules of Civil Procedure, the Court may issue a temporary restraining order if the Movant demonstrates that it will suffer immediate and irreparable injury, loss, or damage. To grant a preliminary injunction, the Movant must show irreparable injury and a likelihood of success on the merits. HongKong and Shanghai Banking Corp., Ltd. v. Kallingal, 2005 Guam 13 at ¶18.

The Defendants have previously submitted good cause for a temporary restraining order and preliminary injunction. Plaintiff argues that Defendants have defaulted on the 2002 Agreement by failing to tender the $152,000, and that their payments of $2,000 per month since October 2008 are insufficient, constituting a separate default rendering the property subject to foreclosure. Defendants contend they have sent the payments to Plaintiff, and that it is Plaintiff's delay in tendering the checks that has caused the situation. While the Court is aware that timely tendering of the instruments would have prevented this issue, it is also aware that Plaintiff was likely proceeding with caution to avoid a determination that its acceptance was an accord and satisfaction prior to the decision by the Guam Supreme Court in the appeal of this matter.

Defendants' obligation is not extinguished due to Plaintiff's tardiness in tendering the instruments. It is difficult for the Court to conceive that Defendants have somehow been damaged by retaining $152,000 owed to Plaintiff. The Court does acknowledge that the Barrigada asset is an investment property, and that foreclosure of that asset would hamper Defendants' ability to repay its obligations. However, the Court cannot perpetually shield

-3-

Defendants from foreclosure proceedings if Defendant does not make reasonable attempts to repay the balance.

## CONCLUSION

Based on the above, this Court orders Defendant to make monthly payments of $12,000.00 until such time as the $152,000 remaining from the 2002 Workout Agreement payments have been paid. These payments shall begin on September 1, 2009. Due to Defendants' initial proper tender, no interest shall be charged on the $152,000 amount. The Court GRANTS Defendants' request for a Temporary Restraining Order preventing the foreclosure of the property for a period of 12 months; however, failure to make payments as ordered will provide grounds for Plaintiff to move to lift the restraining order, allowing Plaintiff to proceed with foreclosure. Defendants are further ordered to continue to pay the balance of the promissory note at the rate of $8,000.00 per month until the principal and interest are paid in full, beginning on September 1, 2009.

**IT IS SO ORDERED** this 3rd day of August, 2009.

_____
**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

-4-